# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA A. SULLIVAN,<br><br>                Plaintiff,<br>vs.<br><br>OM FINANCIAL LIFE INSURANCE COMPANY, et al.,<br><br>                Defendant. | CASE NO. 10CV839 DMS (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO REMAND**<br><br>**[Docket No. 13]** |

      Pending before the Court is Plaintiff's motion for leave to amend the complaint and to remand the action. For the reasons discussed below, the Court GRANTS Plaintiff's motion for leave to amend and remands this case to state court.

## I.
## BACKGROUND

      Plaintiff is the sole beneficiary of Leo Sullivan ("Decedent"), holder of a life insurance policy issued by Defendant, OM Financial Life Insurance Co. (Compl. ¶ 6.) On October 16, 2006, Decedent submitted an application for a $50,000 "Home Certain" convertible life insurance policy. (Opp. 2-3.) Based on the answers provided in the application, Defendant approved the application and issued Decedent a policy dated October 31, 2006. (*Id*.) According to Defendant, agent Dennis Goodall, who has since passed away, was the insurance agent who assisted Decedent with the application. (*Id*. at 1.) On December 6, 2007, Decedent submitted a "Policy Change Application" to agent Howard

Heatherly to convert his "Home Certain" policy to a "Secure Master" policy. (*Id*. at 4.) On December 31, 2007, Defendant approved the application and issued a policy to Decedent (the "December 2007" policy). (Compl. ¶ 6.) On March 8, 2008, Decedent passed away and Plaintiff provided prompt notice to Defendant and requested payment of benefits from the December 2007 policy. (*Id.* at ¶ 7.) According to Defendant, Decedent misrepresented his medical information on his original application in 2006. (Opp. 6.) Thus, Defendant rescinded the December 2007 policy based on the alleged misrepresentations. (*Id*.)

On January 22, 2010, Plaintiff filed a complaint in the Superior Court of California, County of San Diego. Plaintiff asserted two claims against Defendant: (1) breach of contract and (2) breach of implied covenant of good faith. (Compl. ¶¶ 11-29.) Plaintiff also asserted a claim of negligence against DOE agents/brokers for failing to ensure the policy was properly issued and would be effective upon Decedent's death. (*Id*. at ¶¶ 30-37.) Further, Plaintiff identified Defendant DOE 11 as an individual who held himself out as an expert life insurance agent or broker, and provided services to Decedent and Plaintiff concerning the life insurance policy. (*Id*. at ¶ 4).

On April 21, 2010, Defendant removed the case to this Court based on diversity jurisdiction. (Doc. 1.) On September 7, 2010, Plaintiff filed a motion to amend the complaint to name Howard Heatherly as the previously identified Defendant DOE 11. (Doc. 13.) Plaintiff also moved to remand the action because the addition of Heatherly, a California resident, as a third-party defendant would destroy diversity. (*Id*.) Defendant filed an opposition to the motion on October 1, 2010 (Doc. 16), and Plaintiff filed a reply on October 8, 2010. (Doc. 17.)

## II.

## LEGAL STANDARD

28 U.S.C. § 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court.

Under this section, a court has discretion to permit joinder of a party that will destroy diversity jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The Ninth Circuit does not appear to have articulated a standard to determine whether joinder is proper under § 1447(e).

However, courts have considered the following factors: (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; and (5) whether the claims against the new defendant appear valid. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); *see also Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (concluding that courts should look with particular care at motive when joinder will defeat the court's diversity jurisdiction); *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir. 1983) (considering Rule 19 joinder and timeliness); *Newcombe*, 157 F.3d at 691 (considering prejudice to plaintiff). Accordingly, this Court will address each factor to determine whether granting Plaintiff leave to amend to join an additional party is proper under § 1447(e).

## III.

## DISCUSSION

### A.  Joinder under Federal Rule of Procedure 19(a)

Rule 19(a) requires joinder of a party if the party's absence will preclude complete relief amongst the existing parties, impede the party's ability to protect its interests, or subject an existing party to the risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a). Further, parties under Rule 19(a) are generally described as "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1855)).

Plaintiff contends that the policy at issue is the December 2007 policy, which involved Heatherly. (Reply 5.) Plaintiff further argues that a common-law claim for negligence arises from Heatherly's duties as a life insurance agent or broker, notwithstanding his agency status with Defendant. (*Id*. at 7.) Here, the December 2007 policy application was taken by Heatherly (*Id*. at 4), and Plaintiff alleges Heatherly failed to properly advise the Decedent in completing such application.

(*Id*. at 6.) Plaintiff also contends Heatherly was aware of Decedent's past and current health conditions, but chose to withhold this information from Defendant. (*Id*.) Therefore, Plaintiff argues, Decedent did not materially misrepresent any information in the application for the December 2007 policy. (*Id*.) Plaintiff also alleges a separate negligence claim against Heatherly arising from the same controversy at issue in the current complaint. Accordingly, consideration of Rule 19(a) here weighs in favor of granting Plaintiff leave to amend to join Heatherly as a Defendant.

**B.   Statute of Limitations**

An amendment to a complaint relates back to the date of the original pleading when the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Here, the negligence claim against Heatherly arises from the conduct surrounding the application and issuance of the December 2007 policy as set out in the complaint. (Compl. ¶¶ 30-37.) Thus, the negligence claim does not appear to be barred by the statute of limitations and consideration of this factor weighs in support of permitting joinder.

**C.   Untimely Joinder**

Denial of a motion for leave to add nondiverse parties may be proper if the motion was untimely made. *Lopez*, 697 F.2d at 1332. In *Lopez*, the plaintiff's motion for leave to amend the complaint to add nondiverse parties was found to be untimely because it came six months after the complaint was filed, and just four days before the adjudication of a motion for summary judgment. *Id*. The plaintiff in *Lopez* never informed the court that he had tried to identify the DOE defendant he sought to join and never mentioned the unidentified party in any form in the complaint. *Id*. Thus, the court there found plaintiff's motion to be untimely and denied leave to amend. *Id*.

Here, Plaintiff's motion for leave to amend came approximately nine months after the complaint was filed, and approximately five months after removal. However, discovery in this action was not allowed until June 16, 2010. (Reply 3.) Unlike in *Lopez*, Plaintiff here described the unidentified party and DOE Defendant as a life insurance agent or broker who resided in the state of California. (Compl. ¶ 4.) Plaintiff further anticipated filing an amendment to add nondiverse parties (Doc. 10 at 4), and was instructed that the deadline to make such motions was September 10, 2010. (Doc. 12.) Therefore, Plaintiff's motion was not untimely made for purposes of determining whether

1  to grant Plaintiff's motion for leave to amend.

2  **D.     Motive for Joinder**

3  "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a
4  trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F. Supp.
5  2d at 1083 (citing *Desert Empire Bank*, 623 F.2d at 1376). In *Clinco*, the court found that one could
6  justifiably suspect that the motive behind the plaintiff's amendment there was solely to destroy
7  diversity because (1) the amended complaint came two days after the notice of removal was filed, and
8  (2) the original and first amended complaints were substantially similar. *Id*. Although Plaintiff's
9  original and proposed first amended complaints are substantially similar, there are also other factors
10 here that suggest Plaintiff was motivated by a desire to conduct a reasonable investigation before
11 naming Heatherly as a Defendant. As mentioned above, discovery did not commence until the Early
12 Neutral Evaluation Conference was held, and Plaintiff indicated he anticipated filing an amendment
13 to the complaint in the Joint Scheduling Conference report. Also, there are no pending motions for
14 adjudication on the merits at this time. Thus, one can reasonably conclude that Plaintiff's motive for
15 requesting leave to join an additional party is not simply to destroy diversity.

16 **E.     Merit of Claims**

17 In considering this factor, Defendant argues that Plaintiff has no valid claim against Heatherly
18 because Heatherly did not assist Decedent with the original application in 2006 upon which
19 Defendant's rescission is based. (Opp. 9.) Further, Defendant contends Heatherly may not be liable
20 for negligence acts because of his agency status with Defendant. (*Id*.) Plaintiff responds that the
21 December 2007 policy does not incorporate any prior applications, and thus the December 2007
22 application involving Heatherly is the only one at issue, and the original application in 2006 is
23 irrelevant. (Reply 5.) Plaintiff also cites California authority allowing common-law claims against
24 insurance agents and brokers. (*Id*. at 7.) Accordingly, Plaintiff appears to have stated a reasonably
25 valid claim against Heatherly and the Court's consideration of this factor in conjunction with the
26 additional factors leads it to conclude that granting Plaintiff leave to amend the complaint to join
27 Heatherly is proper.

28 //

### IV.
### CONCLUSION

Having considered the relevant factors, this Court GRANTS Plaintiff's motion for leave to amend the complaint. Because the amendment destroys diversity jurisdiction by naming Heatherly as a Defendant, remand is warranted. Accordingly, this Court GRANTS Plaintiff's motion to remand the action.

**IT IS SO ORDERED.**

DATED: December 10, 2010

HON. DANA M. SABRAW
United States District Judge